CHARLES M. LYONS, RESPONDENT, v. RODNEY G. BENSON, JR., APPELLANT.

Submitted January term, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Manuel N. Mirsky.*

For the respondent, *Coult, Satz & Tomlinson.*

PER CURIAM.

Plaintiff below brought suit to recover damages based on an alleged warranty given on the sale of an automobile. The state of demand is in two counts, the first charging that the defendant warranted the automobile to be in good running order and not defective in parts or workmanship; and that if it should appear that there were defective parts or workmanship, the defendant would replace or repair them without charge at any time within thirty days.

The second count set forth a written guaranty dated September 12th, 1932, in this form:

"I, Rodney G. Benson, Jr., hereby guarantee to replace any defective parts of workmanship at no charge for a period of ninety (90) days from this date on the 1931 Hudson Coach sold by me to Charles Lyons on July 15th, 1932."

The state of the case was settled by the court and from this it appears that a salesman of the defendant named Cuzzi at a first interview between the parties represented that the automobile was in first-class condition and that the defendant would guarantee it if plaintiff would purchase, and if anything wrong turned up with it the automobile could be brought back and it would be repaired without cost.

Shortly thereafter, Benson, the defendant, told plaintiff that the car was guaranteed and if plaintiff did purchase it and later found anything wrong with the car, to bring it back and he would make it right or exchange the automobile for another one of equal value. On the car was a printed notice reading: "1931 Hudson Coach, 30 day guaranty, $210 down."

Plaintiff purchased the car at a price of $525, less an allowance on his old car. A few days later the motor overheated and certain other defects appearing, plaintiff returned the car to the defendant, called his attention to the defects and asked him to make repairs. This the defendant refused to do. The plaintiff then left, leaving the car with the defendant. On September 12th, plaintiff again visited the defendant; was told no repairs had been made and that there was nothing wrong with the car. Defendant offered to give

plaintiff a guaranty with reference to replacing defective parts for three months. It further appeared from the state of the case that after some discussion plaintiff agreed · to accept this guaranty and that if it were lived up to he was to have no further claim upon the original or new agreement.

It was then that the written agreement of that date was given. Thereupon plaintiff placed the car with another dealer to be sold. In December, just before the ninety-day period had expired, the car not having been sold, the plaintiff took it to the defendant's place of business and left it there with a salesman who said he was in charge of the place. Plaintiff made demand for replacement of defective parts or that the car be replaced by another and followed this up by registered letter, which letter, however, did not reach the defendant. until December 14th.

There was a judgment in favor of the plaintiff for $525, the amount originally paid for the car.

We think this was error. It is difficult to extract from the various communications between the parties, including the written guaranty of September 12th, 1932, anything more than an agreement to replace defective parts. The proof on this point most favorable to the plaintiff was that the repairs or replacements would cost $213.

The judgment for $525 will be reversed to the end that a judgment shall be entered in favor of the plaintiff for $213 and costs of suit.